***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stanback and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Stanback, with modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over the parties and the subject matter.
2. All parties have been correctly designated and there is no question as to mis-joinder or non-joinder of parties.
3. The case is subject to the North Carolina Workers' Compensation Act.
4. An employment relationship existed between plaintiff and defendant-employer Shannon Foust Construction, and Dennis Insurance Group was the insurer on the risk on October 25, 2001, the date of injury.
5. On October 25, 2001, plaintiff suffered a compensable back injury by accident and/or specific traumatic incident when he fell from a roof and severed his spinal cord, causing complete paraplegia and loss of use of his bowels, bladder, and sexual function.
6. Plaintiff is permanently and totally disabled within the meaning of N.C. Gen. Stat. § 97-31(17), for the total loss of the use of his legs.
7. Plaintiff's average weekly wage upon approval of this Opinion and Award is $525.00, which yields a compensation rate of $350.00.
8. Upon entry of this Amended Opinion and Award, defendants agree to withdraw their appeal pending before the North Carolina Court of Appeals, Case No. COA05-411.
9. Upon entry of this Amended Opinion and Award, the parties agree to waive their rights to appeal from this Amended Opinion and Award.
10. Defendants are not subject to a late payment penalty for interest on the compensation provided to plaintiff between October 25, 2001, the date of injury, and the date this Amended Opinion and Award is filed.
11. Defendants shall pay to plaintiff the sum of FORTY THOUSAND AND 00/100 DOLLARS ($40,000.00) as compensation to resolve the issues of the modified average weekly wage, potential penalties, back pay, and the N.C. Gen. Stat. § 97-31(24) issues pending before the North Carolina Court of Appeals.
 ***********
Based upon all of the competent evidence of record, and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was twenty-six years old. On October 25, 2001, the time of the plaintiff's admittedly compensable injury by accident, plaintiff worked for defendant-employer as a laborer, a position he held for only ten days prior to the date of injury.
2. On October 25, 2001, plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of his employment with defendant-employer when he slipped and fell through a hole in a roof while working on the construction of a residential apartment complex.
3. Defendants have acknowledged plaintiff's claim as compensable; however, defendants have not filed the necessary Form admitting compensability under the North Carolina Workers' Compensation Act, as set forth under N.C. Gen. Stat. § 97-18(b).
4. Defendants voluntarily and without the approval of the North Carolina Industrial Commission, paid weekly benefits based upon an average weekly wage of $400.00, upon which they computed an alleged compensation rate of $266.67. Defendants will not have to pay these amounts twice.
5. The parties have agreed to an average weekly wage of $525.00, which yields a compensation rate of $350.00 per week to become effective upon approval of this Amended Opinion and Award.
6. Plaintiff is not entitled to a ten percent (10%) penalty on past or future indemnity benefits.
7. At the time of the compensable injury by accident, plaintiff was working around a hole in a roof at a height of at least nine feet above solid concrete. As such, plaintiff has argued that he suffered an injury which was caused by the willful failure of the employer to comply with an OSHA safety requirement, namely the requirement to provide fall protection systems to workers.
8. Pursuant to this Amended Opinion and Award, the parties have agreed to resolve this issue without further litigation and the Full Commission does not make a Finding of Fact on whether an OSHA violation was committed by defendants.
9. As a result of his compensable spinal cord injury, plaintiff suffered the permanent loss of the use of his bladder and must catheterize himself multiple times every day.
10. As a result of his compensable spinal cord injury, plaintiff suffered the permanent loss of the use of his bowels, and must digitally manipulate his bowels daily.
11. As a result of his compensable spinal cord injury, plaintiff suffered the permanent loss of sexual function of his penis. Even with the use of Viagra and/or a pump, plaintiff no longer has the ability to have sexual intercourse.
12. As a natural and probable result of his compensable spinal cord injury and resulting paraplegia, plaintiff suffers from persistent urinary tract infections, bladder infections, chronic pain, depression, and loss of muscle tone and bulk in his lower extremities.
13. As a natural and probable result of his compensable spinal cord injury, resulting paraplegia, and loss of muscle tone and bulk, plaintiff is at an increased risk for pressure sores and skin breakdown, which could lead to infections including bone infections, sepsis, and ultimately death if left untreated. Thus, the Full Commission determines that there is a substantial risk of the necessity of future medical compensation for plaintiff.
14. A neuromuscular stimulator is a device designed to electrically stimulate the muscles and paralyzed extremities, and thereby maintain muscle tone and bulk. The maintenance of plaintiff's muscle tone and bulk in his lower extremities would aid in the prevention of pressure sores and skin break down, and thereby prevent infection and other potentially fatal complications.
15. A neuromuscular stimulator would also help plaintiff psychologically by maintaining his muscle tone and bulk in his lower extremities. A neuromuscular stimulator is reasonably necessary to prevent pressure sores, infection, and potentially fatal complications therefrom, as well as to give plaintiff relief from psychological problems caused by his self-consciousness about his appearance.
16. The prescription medications including, but not limited to, Neurontin, Amitriptyline, Nortriptyline, Darvocet, and Vicodin are reasonably necessary to effect a cure or give plaintiff relief from his chronic pain resulting from his compensable spinal cord injury. Various antibiotics are also reasonably necessary to effect a cure of plaintiff's chronic urinary tract infections and bladder infections that result from his compensable spinal cord injury.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident arising out of and in the course and scope of his employment on October 25, 2001, resulting in paraplegia. N.C. Gen. Stat. § 97-2(6).
2. As a result of his compensable injury by accident, plaintiff is permanently and totally disabled within the meaning of the Workers' Compensation Act for the permanent and total loss of the use of his legs. N.C. Gen. Stat. § 97-31(17).
3. Plaintiff is entitled to permanent and total disability compensation at the rate of $350.00 per week for each week from the date of the filing of this Amended Opinion and Award and continuing for the remainder of plaintiff's natural life.
4. As a direct result of plaintiff's compensable spinal cord injury, the resulting paraplegia, and his reliance on a wheelchair, plaintiff is at an increased risk of developing pressure sores, urinary tract infections, and bladder infections. He is also at an increased risk for severe emotional, psychological, and psychiatric injuries. Plaintiff is entitled to ongoing treatment for all consequences of his compensable injury. N.C. Gen. Stat. §§ 97-25 and 97-25.1.
5. Plaintiff is entitled to payment of all medical expenses incurred for treatment of his October 25, 2001, injuries including, but not limited to, treatment for his spinal cord injury, paraplegia, psychological injuries, chronic pain, urinary tract infections, bladder infections, loss of use of his bladder, bowels, sexual function, and any other treatment provided and recommended by Dr. Toselli, and Dr. Oh, related to such injuries. Such treatments are reasonably necessary to effect a cure, give relief, and/or to lessen the period of plaintiff's disability. Plaintiff is also entitled to appropriate and reliable transportation to and from his medical appointments, which shall be provided by defendants. N.C. Gen. Stat. § 97-25.
6. Plaintiff has not yet reached maximum medical improvement, and treatment has been recommended by Drs. Toselli and Oh, which is reasonably necessary to effect a cure, provide relief, and/or lessen plaintiff's period of disability. Plaintiff is therefore entitled to payment by defendants of medical expenses incurred and to be incurred by plaintiff as a result of his compensable paraplegia, and resulting chronic pain, loss of bowel, bladder, and sexual function. Such medical expenses shall include, but not be limited to, prescription pain medications, anti-depressants, antibiotics, a neuromuscular stimulation device, in-home physical therapy. Such treatments are reasonable and necessary to treat, prevent, or lessen the risk of pain, pressure sores, sepsis, bladder and urinary tract infections, and psychological injuries. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay to plaintiff permanent and total disability payments at the compensation rate of $350.00 per week from the date of the filing of this Amended Opinion and Award, and continuing for the remainder of his natural life.
2. Defendants are not subject to a late payment penalty for interest on the compensation provided to plaintiff between October 25, 2001, the date of injury, and the date this Amended Opinion and Award is filed.
3. Defendants shall pay to plaintiff the sum of FORTY THOUSAND AND 00/100 DOLLARS ($40,000.00) as compensation to resolve the issues of the modified average weekly wage, potential penalties, back pay, and the N.C. Gen. Stat. § 97-31(24) issues pending before the North Carolina Court of Appeals. The Full Commission makes no finding of fact or conclusion of law with respect to the § 97-31(24) issue.
4. A reasonable attorney's fee in the amount of twenty-five percent (25%) of the compensation due plaintiff under paragraphs 1, 2, and 3 of this Award is approved for plaintiff's current counsel of record (Dan Deuterman of the Deuterman Law Group) and former counsel of record (Crumley and Associates) and shall be paid directly to plaintiff's current counsel (Dan Deuterman of the Deuterman Law Group), to be divided by agreement between counsel. Attorney's fees based on accrued amounts shall be paid in one lump sum, and attorney's fees based on future indemnity compensation shall be deducted from the sums due plaintiff and paid directly to plaintiff's counsel under the terms as described herein.
5. Defendants shall pay all of plaintiff's medical expenses for the remainder of his natural life to the extent that such treatment is related to treatment of his October 25, 2001, injuries including, but not limited to, treatment for his spinal cord injury, paraplegia, psychological injuries, urinary tract infections, bladder infections, loss of use of his bladder, bowels, and sexual function. Such medical expenses shall include, but not be limited to, pain medications as prescribed by his treating physicians, a prescription for a neuromuscular stimulation device, in-home physical therapy, treatment of bladder and urinary tract infections, and treatment of psychiatric, psychological injuries, and any other treatment provided and recommended by Drs. Toselli and Oh related to these injuries. Such treatments are reasonably necessary to effect a cure, give relief, and/or lessen the period of the plaintiff's disability. Defendants are further ordered to provide appropriate and reliable transportation to and from plaintiff's medical appointments, or be subject to sanctions.
6. Defendants shall pay the costs due the Commission.
This 15th day of July 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER